### BUTTARS et al. v. ETCHEVERRY et ux.

(Circuit Court of Appeals, Eighth Circuit. December 14, 1921.)

No. 5876.

Brokers ⬤≈88(4)—Right to commission held question for jury under the evidence as to defendant's default.

In an action to recover an agreed commission for negotiating a contract for the sale of land, under which the purchaser went into possession where defendant denied liability on the ground that the first payment called for by the contract was not made, but there was uncontradicted evidence that the default was due to the failure of defendant to clear his title and make a mortgage, the proceeds of which were under the contract to be applied on such payment, direction of a verdict for defendant *held* error.

In Error to the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Action at law by D. W. Buttars and E. S. Merrill, partners as Buttars & Merrill, against Dominique Etcheverry and Claudia Etcheverry. Judgment for defendants, and plaintiffs bring error. Reversed.

William A. Riner, of Cheyenne, Wyo., and J. H. Peterson and T. C. Coffin, both of Pocatello, Idaho, for plaintiffs in error.

Roderick N. Matson and T. Blake Kennedy, both of Cheyenne, Wyo., and M. S. Reynolds, of Kemmerer, Wyo., for defendants in error.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON, District Judges.

CARLAND, Circuit Judge. The parties will be designated as in the trial court. Plaintiffs brought this action to recover of defendants the sum of $6,000, claimed to be due on a commission contract for the sale of real estate. At the close of all the evidence the trial court on its own motion directed a verdict for the defendants. This

⬤≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

action of the court is assigned as error. The material facts as they appear in the record are as follows: The defendant, Dominique Etcheverry, employed plaintiffs, who were real estate dealers, to sell 1,140 acres of land located in Franklin county, Idaho, together with all crops, cattle, sheep, and hogs belonging to the land, which was called a ranch. The selling price was to be $74,000, $55,000 cash and the proceeds of three cars of cattle as first payment, balance in six equal payments with interest at 8 per cent. Buttars & Merrill found a purchaser for the ranch, and a contract of sale in writing was executed by the defendant Dominique Etcheverry and his wife, as vendors, and C. A. Robbins as vendee, whereby the defendants agreed to sell and Robbins agreed to buy the ranch in question together with the personal property connected therewith on the terms above specified. The contract contained the following language:

"Party of the first part agrees to pay for commission $6,000, $4,000 from first payment, and $2,000 December, 1920. The party of the first part agrees to place a mortgage on ranch and cattle, this money to be paid as part of first payment."

Buttars & Merrill were not parties to the contract, but they both testified that, before the contract between the defendants and Robbins was executed, they had an oral agreement with the defendant Dominique Etcheverry that they should receive as their commission on the sale the sum of $6,000. Robbins went into possession of the ranch under the contract of sale. E. S. Merrill testified that the reason the $55,000 was not paid in cash was because the defendant could not clear his title to the land, and his testimony was undisputed. Viewing the case without reference to the contract of sale, the plaintiffs were clearly entitled to have the case submitted to the jury. Viewing the case on the theory that plaintiffs were bound in some way by the language above quoted from the contract because one of the plaintiffs drew the contract, we find the defendant Dominique Etcheverry seeking to evade the payment of the commission because Robbins did not make the first payment of $55,000, but E. S. Merrill testified why Robbins could not pay. Etcheverry had promised Robbins that he would place a mortgage on the land, but he could not clear the title so that the loan could be made. In any view of the case it was error to direct a verdict against plaintiffs.

Reversed, and new trial ordered.